IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY ALLEN CLAYBON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-11-CV-0135-O-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Gregory Allen Claybon, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

I.

In 1993, petitioner pled guilty to two counts of indecency with a child. Punishment was assessed at 10-years confinement, probated for five years, and a $300 fine in each case. The state subsequently filed four different motions to revoke petitioner's probation. Petitioner pled true to all four motions, but was continued on probation. After another probation violation, the trial court revoked petitioner's probation and sentenced him to concurrent 10-year prison terms. His convictions and sentences were affirmed on direct appeal. *Claybon v. State*, Nos. 05-00-00116-CR & 05-00-00117-CR, 2001 WL 200122 (Tex. App.--Dallas, Mar. 1, 2001, pet' ref'd). Petitioner also filed multiple applications for state and federal post-conviction relief. The state writs either were

denied without written order, dismissed for abuse of the writ, or unfiled. *Ex parte Claybon*, WR-49,534-02 & 49,534-03 (Tex. Crim. App. Sept. 15, 2004); *Ex parte Claybon*, WR-49,534-05 & 49,534-06 (Tex. Crim. App. Oct. 26, 2005); *Ex parte Claybon*, WR-49,534-08 & 49,534-09 (Tex. Crim. App. Mar. 1, 2006); *Ex parte Claybon*, WR-49,534-11 & 49,534-12 (Tex. Crim. App. Oct. 25, 2006); *Ex parte Claybon*, WR-49,534-13 & 49,534-14 (Tex. Crim. App. Dec. 5, 2007); *Ex parte Claybon*, WR-49,534-15 & 49,534-16 (Tex. Crim. App. Jul. 23, 2008); *Ex parte Claybon*, WR-49,534-17 & 49,534-18, 2009 WL 1076731 (Tex. Crim. App. Apr. 22, 2009); *Ex parte Claybon*, WR-49,534-19 & 49,534-20 (Tex. Crim. App. Jun. 3, 2009); *Ex parte Claybon*, WR-49,534-21 (Tex. Crim. App. Nov. 11, 2010); *Ex parte Claybon*, WR-49,534-22 (Tex. Crim. App. Dec. 8, 2010).[1] Two federal writs were dismissed without prejudice for failure to exhaust state remedies. *Claybon v. Bowles*, No. 3-01-CV-0458-L, 2001 WL 611171 (N.D. Tex. May 31, 2001); *Claybon v. Cockrell*, No. 3-01-CV-1684-P, 2002 WL 1285261 (N.D. Tex. Jun. 4, 2002). One writ was denied on the merits. *Claybon v. Dretke*, No. 3-04-CV-2141-M, 2005 WL 195424 (N.D. Tex. Jan. 27, 2005), *rec. adopted*, 2005 WL 475548 (N.D. Tex. Feb. 25, 2005). The last two writs were dismissed as successive. *Claybon v. Quarterman*, No. 3-06-CV-2019-L (N.D. Tex. Dec. 12, 2006), *auth. for leave to file succ. writ denied*, No. 06-11354 (5th Cir. Feb. 9, 2007); *Claybon v. Quarterman*, No. 3-07-CV-0546-L, 2007 WL 1266068 (N.D. Tex. Apr. 27, 2007), *auth. for leave to file succ. writ denied*, No. 08-10065 (5th Cir. Mar. 13, 2008).

Undeterred, petitioner now returns to federal court for a *sixth time*. In his most recent filing, petitioner seeks relief on the grounds that: (1) records from his plea hearing have been lost or

---

[1] Petitioner also filed four petitions for writ of mandamus, each of which were denied. *Ex parte Claybon*, WR-49,534-01 (Tex. Crim. App. Jun. 20, 2001); *Ex parte Claybon*, WR-49,534-04 (Tex. Crim. App. Sept. 15, 2004); *Ex parte Claybon*, WR-49,534-07 (Tex. Crim. App. Mar. 1, 2006); *Ex parte Claybon*, WR-49,534-10 (Tex. Crim. App. Oct. 25, 2006).

destroyed; (2) he did not receive notice of his probation revocation hearing; (3) he was denied legal representation; and (4) the revocation hearing did not comport with due process.[2] Before addressing these claims, the court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). A claim presented in a second or successive application under section 2254 must be dismissed unless:

> (A)     the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244(b)(3).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

---

[2] These claims are almost identical to the claims raised by petitioner in his last three federal writs. *See Claybon*, 2005 WL 195424 at *2; *Claybon*, No. 3-06-CV-2019-L, op. at 2; *Claybon*, 2007 WL 1266068 at *2.

III.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal, period." *Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362 at *2 (N.D. Tex. May 5, 2003), *rec. adopted*, 2003 WL 21488150 (N.D. Tex. May 15, 2003), *quoting Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *See id.* (citing cases).

This is the sixth time petitioner has tried to collaterally attack his state convictions in federal district court. On at least two prior occasions, petitioner was told that he must obtain permission from the court of appeals before he files another application for writ of habeas corpus. *See Claybon*, No. 3-06-CV-2019-L, op. at 1-2; *Claybon*, 2007 WL 1266068 at *2. Because petitioner has ignored those instructions, he should be warned that sanctions will be imposed if he files another federal writ attacking his state convictions without obtaining leave from the court of appeals.

## RECOMMENDATION

Petitioner should not be permitted to file a second or successive application for writ of habeas corpus without the approval of a three-judge panel of the court of appeals. Rather than dismiss this case, the application should be transferred to the Fifth Circuit for appropriate action. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). In

addition, petitioner should be warned that sanctions will be imposed if he files another federal writ in district court without obtaining leave from the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 8, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE